# ORIGINAL

FILED

02 FEB 26 PM 3:44

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| THERMA-TRU CORPORATION<br>1687 Woodland Drive<br>Maumee, Ohio 43537 | **3:02CV7104**<br>Case No. |
| Plaintiff, | JUDGE JUDGE JAMES G. CARR |
| v. | **COMPLAINT WITH JURY TRIAL DEMANDED** |
| NAN YA PLASTICS CORP.<br>3F, 201 Tun Hwa North Road<br>Taipei, Taiwan | |
| and | |
| HOME DEPOT U.S.A., INC.<br>Registered Agent: Nancy Bunker<br>2455 Paces Ferry Road<br>Atlanta, Georgia 30339 | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. THE PARTIES

1.    Plaintiff, Therma-Tru Corporation ("Therma-Tru"), is an Ohio corporation, having its principal offices at 1687 Woodland Drive, Maumee, Ohio 43537.

2.    Defendant, Nan Ya Plastics Corp. ("Nan Ya"), is a Taiwanese corporation.

3.  Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation, having a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

4.  Therma-Tru is in the business of developing, manufacturing and selling fiberglass-composite insulated entry doors.

5.  On information and belief, Nan Ya manufactures and sells fiberglass-composite insulated entry doors.

6.  On information and belief, Home Depot is in the business of selling building and home improvement products through its home centers throughout the United States.

7.  Nan Ya entered into a contract in this judicial district, which is the subject of this Complaint, and is thus amenable to both general and specific personal jurisdiction in this judicial district.

8.  Home Depot transacts business in the state of Ohio on a continuous and systematic basic, and is amenable to both general and specific personal jurisdiction in this judicial district.

## II. JURISDICTION

9.  The federal claims pleaded herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10.  Subject matter jurisdiction for the federal claims is conferred upon the Court by 28 U.S.C. § 1338(a).

11.  The state law claims pleaded herein arise under the laws of the state of Ohio.

12.  Subject matter jurisdiction for the state law claims is conferred upon the Court by 28 U.S.C. § 1338(b) (claim of breach of contract joined with substantial and related claim under the patent laws), and 28 U.S.C. § 1357 (supplemental jurisdiction).

### III. **BACKGROUND FACTS**

13.     More than 20 years ago, Therma-Tru began a project which revolutionized the door industry.

14.     Therma-Tru's project culminated with the creation of a fiberglass-composite insulated entry door.

15.     Therma-Tru's fiberglass-composite entry doors are sold under the names "The Fiber Classic," "Classic Craft," and "Smooth Star."

16.     In approximately August of 1989, Therma-Tru and Nan Ya corresponded regarding a possible license from Therma-Tru to Nan Ya to manufacture composite entry doors with Therma-Tru technology in Taiwan.

17.     As a result of this initial correspondence, on or about September 25, 1989, Robert Lee, Ted Chen, Ken-Sheng Liu, and other representatives from Nan Ya visited Therma-Tru's Toledo, Ohio plant and Butler, Indiana plant.

18.     On or about September 25, 1989, the Nan Ya representatives signed Visitor Confidential Disclosure Agreements agreeing not to disclose nor use any confidential information for a period of five (5) years from the effective date of the agreement. (Exhibit A.)

19.     After the September visit, Nan Ya and Therma-Tru had further correspondence. The parties were unable to reach an agreement regarding the license and thus the relationship was terminated.

20.     On or before July of 1994, Nan Ya made preparations to introduce a fiberglass-composite insulated entry door that was substantially identical to Therma-Tru's fiberglass-composite entry door.

-3-

21.     On information and belief, Nan Ya has offered for sale and/or sold fiberglass-composite entry doors, substantially identical to Therma-Tru's fiberglass-composite entry doors, since at least September, 1996.

22.     On information and belief, fiberglass-composite entry doors manufactured by Nan Ya are sold in this judicial district through Home Depot.

## Count I — Breach Of Contract

23.     Nan Ya and/or its representatives entered into a legally binding contract on the 25th day of September, 1989, agreeing not to disclose or use confidential information for a period of five (5) years from the effective date of the agreement.

24.     On information and belief, prior to the termination of the five years, Nan Ya and/or its representatives used confidential information obtained from Therma-Tru to develop a fiberglass-composite insulated entry door.

25.     On information and belief, Nan Ya's actions constitute breach of contract.

26.     Therma-Tru believes that these allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery into the activities of Nan Ya.

## Count II — Patent Infringement

27.     On November 5, 1985, U.S. Patent No. 4,550,540 ("the '540 patent") was duly and lawfully issued to Therma-Tru for a compression molded door assembly. Since that date, Therma-Tru has been and still is the owner of that patent.

28.     On information and belief, Nan Ya is willfully infringing the '540 patent by making, using, selling and/or offering for sale the patented door.

-4-

29.     On information and belief, Nan Ya will continue to infringe the '540 patent unless enjoined by this Court.

30.     On information and belief, Home Depot is infringing the '540 patent by making, using, selling and/or offering for sale the patented door.

31.     Therma-Tru believes that these allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery into the activities of Nan Ya and Home Depot.

## IV. <u>DEMAND FOR RELIEF</u>

WHEREFORE, Therma-Tru asks the Court to:

A.     enter a preliminary and permanent injunction to enjoin Nan Ya and those in active concert and participation with them, from infringing Therma-Tru's '540 patent;

B.     award Therma-Tru damages against Nan Ya adequate to compensate Therma-Tru for the infringement of the '540 patent;

C.     enter a preliminary and permanent injunction to enjoin Home Depot and those in active concert and participation with them, from infringing Therma-Tru's '540 patent;

D.     award Therma-Tru damages against Home Depot adequate to compensate Therma-Tru for the infringement of the '540 patent;

E.     award Therma-Tru damages against Nan Ya and/or its representatives for breach of contract;

F.     enter a preliminary and permanent injunction against Nan Ya and/or its representatives, and those in active concert and participation with them, from making, using, selling

-5-

or offering for sale any fiberglass-composite door incorporating information obtained or used in violation of the agreement;

       G.      award Therma-Tru treble damages adequate to compensate Therma-Tru for Nan Ya's and/or Home Depot's willful infringement of the '540 patent in accordance with 35 U.S.C. § 284;

       H.      award Therma-Tru its reasonable attorneys fees in accordance with 35 U.S.C. § 285;

       I.      award Therma-Tru its interest and costs; and

       J.      award Therma-Tru such other relief as is just and reasonable.


**THERMA-TRU CORPORATION**

By:_____
    Reginald S. Jackson, Jr. (0003558)

By:_____
    Tammy R. Geiger (0071533)
    CONNELLY, JACKSON & COLLIER LLP
    405 Madison Avenue, Suite 1600
    Toledo, Ohio  43604
    Phone:  (419) 243-2100
    Facsimile:  (419) 243-7119
    E-Mail:  rjackson@cjc-law.com
              tgeiger@cjc-law.com
    Counsel for Plaintiff

***Of Counsel***:
ERNIE L. BROOKS
Michigan State Bar No. P22875
SANGEETA G. SHAH
Michigan State Bar No. P49242
**BROOKS & KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400

## JURY DEMAND

Now comes plaintiff Therma-Tru Corporation and demands a trial by jury in the above-captioned case.

By_____
Counsel for Plaintiff